ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 JUN 17 PM 2:02

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DEWEY A. SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 310-037 |
| ) | |
| SHIRLEY HOLLOWAY, Unit Manager of ) | |
| Units 600 and 700, Wheeler Correctional ) | |
| Facility, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, an inmate confined at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, commenced the above-styled case pursuant to 42 U.S.C. § 1983. The matter is currently before the Court on Defendant's motion for summary judgment. (Doc. no. 12.) Defendant argues that Plaintiff's case should be dismissed for failure to exhaust administrative remedies. (See generally id.) Plaintiff has filed no response to the motion; accordingly, the Court deems it unopposed.[1] Loc. R. 7.5. For the following reasons, the

---

[1] The Clerk has given Plaintiff notice of Defendant's motion for summary judgment, has apprised him of his right to file affidavits or other materials in opposition, and has informed him of the consequences of failing to respond. (Doc. no. 13.) Moreover, after noting that Plaintiff had not responded, the Court entered an order instructing him about the effect of failing to respond and giving him additional time to prepare a response. (Doc. no. 14.) Accordingly, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*), are satisfied. Of course, the Court acknowledges that the mere fact that the instant motion is unopposed does not entitle the Court to grant the motion without considering the merits. United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed,

Court **REPORTS** and **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED**, that Plaintiff's case be **DISMISSED** without prejudice for failure to exhaust administrative remedies, that an appropriate **FINAL JUDGMENT** be entered in favor of Defendant, and that this civil action be **CLOSED**.

I.  **STATEMENT OF FACTS**

Plaintiff filed the instant complaint on April 26, 2010, alleging that, on February 17, 2010, Defendant sprayed him in the face with a can of mace while he was handcuffed following an altercation where Plaintiff refused to give another officer his skullcap. (Doc. no. 1, p. 3.) Plaintiff further claims that he tried to run away from Defendant, but she followed after him and continued to spray him with mace until he became ill and began to vomit. (Id. at 3-4.) Plaintiff stated in his complaint that, following the incident, he was in segregation for fifty-five days, and was refused an informal grievance form to report the incident until it was too late to submit a grievance. (Id. at 2.) Defendant provides in her Statement of Material Facts, that grievance forms are made available to prisoners in segregation and that Plaintiff was never refused forms as claimed in his complaint. (Doc. no. 12, p. 2.) Thus, Defendant argues that Plaintiff failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and that, as a result, his case must be dismissed. (Id. at 6-7.)

A.  **The Administrative Grievance Process**

Before assessing whether Plaintiff has complied with 42 U.S.C. § 1997e(a), it will be helpful to explain the grievance procedure used in the Georgia state prison system. Under

but, rather, must consider the merits of the motion.").

SOP IIB05-0001 § VI(B), once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. Id. § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id § VI(C)(2) & (D). The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. Id.

### B. Administrative Remedies

In support of her motion for summary judgment, Defendant offers the affidavit of Ms.

3

Myrtle Evans, Grievance Coordinator at WCF. (Doc. no. 12, Ex. A.) According to Ms. Evans, she never received a grievance from Plaintiff regarding the alleged incident on February 17, 2010, and the records at WCF contain no indication that Plaintiff filed a grievance against Defendant for use of force. (Id. ¶¶ 3, 5.) Ms. Evans goes on to say that she spoke with Plaintiff on October 20, 2010, and he told her that he had another inmate fill out the grievance forms for him, but that Plaintiff never turned the forms in to his case manager. (Id. ¶ 4.) When asked why he did not turn in the forms, Plaintiff said that he was not sure.[2] (Id.)

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Applicable substantive law identifies which facts are material in a given case.[3]

---

[2] Ms. Evan's statements regarding what Plaintiff told her on October 20, 2010, are hearsay, as each statement is "a statement, other than one made by the declarant . . . offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). However, these statements fall under the "admission by party-opponent" exception, as they are statements "offered against a party and [are] the party's own statement[s]. . . ." See Fed. R. Evid. 801(d)(2). Therefore, the statements by Ms. Evans regarding what Plaintiff told her on October 20, 2010 are admissible as an exception to the hearsay rule. See Bush v. Houston Cnty. Comm'n, No. 10-13282, 2011 WL 507267 at *2-3 (11th Cir. Feb. 15, 2011) (*per curiam*) (stating that, in a motion for summary judgment, a statement by a party offered against that party in a sworn statement, such as a deposition or expert report, is admissible as an admission by party-opponent).

[3] The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

4

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence

of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### B.     Plaintiff's Failure to Exhaust Available Administrative Remedies

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Simply put, as the plain language of § 1997e(a) makes clear, if an administrative remedy is "available," it must be exhausted. 42 U.S.C. § 1997e(a); see also Alexander, 159 F.3d at 1326 (explaining that under PLRA, courts are "to focus solely on whether an administrative remedy program is 'available'").

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows,

6

418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 2978 (2006). Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 F. App'x. 918, 920 (11th Cir. 2006) (*per curiam*) (quoting Johnson, 418 F.3d at 1155); see also Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) ("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies.").

Here, there is an undisputed, sworn statement by Ms. Evans that Plaintiff informed her that he had another prisoner fill out the grievance forms he needed to submit, but that Plaintiff simply did not submit them. (Doc. no. 12, Ex. A ¶ 4.) It is also undisputed that there are no records indicating that Plaintiff submitted a grievance form regarding the alleged events of February 17, 2010. (Id. ¶ 5.) Additionally, Defendant's uncontested Statement of Material Facts indicates that grievance forms were available to inmates, such as Plaintiff, who are held in segregation. (Id. at 2.) In sum, the undisputed facts reveal that Plaintiff did not so much as take the first step in exhausting his administrative remedies, despite evidence that he had the ability to do so. See Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998). Consequently, Defendant is entitled to summary judgment.

If Ms. Evans's statement were not admissible under the admission by party-opponent hearsay exception, the Court would be faced with a "swearing match" between prison officials and an inmate regarding whether the actions of prison staff rendered administrative remedies "unavailable." Such factual determinations regarding exhaustion (or lack thereof) under § 1997e(a) often pose problems for the district courts. As a general rule, "[i]ssues of credibility and the weight afforded to certain evidence are determinations appropriately made

by a finder of fact and not a court deciding summary judgment." McCormick, 333 F.3d at 1240 n.7.

Nevertheless, the Eleventh Circuit has approved that a district judge may act as a factfinder in resolving whether an inmate has exhausted his non-judicial remedies. Bryant v. Rich, 530 F.3d 1368, 1373-74 (11th Cir. 2008) (citing Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Additionally, in Priester v. Rich- a decision later affirmed in Bryant v. Rich- the Honorable B. Avant Edenfield, United States District Judge, explained:

> Congress enacted § 1997e(a) of the [PLRA] to *curtail* inmate litigation, not create an entire new layer of jury trials in the very overburdened court system that PLRA was meant to relieve. To hold that Priester is entitled to a jury trial on this preliminary issue [whether administrative remedies were "available"] would open the floodgates to even more litigation. Were this Court to hold otherwise, how many *convicted criminals*--in a legal world where civil-case originating perjury prosecutions are at best a rarity--would *not* then claim that their guards refused to avail them grievance forms or otherwise did something to excuse the exhaustion requirement? How many inmates like Priester, after pointing to the ensuing swearing match, would *not* then demand a jury trial on this *preliminary* issue, and thereby create a *second* litigation layer on top of the "merits" layer?
> . . . . [T]he Court concludes that . . . . exhaustion constitutes a preliminary issue for which no jury trial right exists, and therefore judges can and should make credibility determinations on exhaustion-excusal issues.

Priester v. Rich, CV 605-071, doc. no. 41, pp. 6-7 (S.D. Ga. Apr. 4, 2006), *aff'd*, Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008)). Similarly, the Supreme Court has explained that "discredited testimony" cannot be relied upon to resist summary judgment. See Anderson, 477 U.S. at 256-57. Thus, to the extent Plaintiff relies upon nothing more than the conclusory allegations contained in his complaint, the Court properly considers whether a "reasonable juror would undertake the suspension of disbelief necessary to credit the allegations." Jeffreys v. City of New York, 426 F.3d 549, 555 (2nd Cir. 2005).

Here, the Court concludes that Plaintiff's argument that he was summarily denied access to the administrative grievance procedure fails. In this instance, Plaintiff relies entirely upon his own unsworn, self-serving accusations as found in his complaint. Thus, the Court finds that Plaintiff has not demonstrated that any prison officials at WCF prevented or inhibited him from exhausting administrative remedies prior to filing suit to the extent that a reasonable juror would credit his allegations.

Similarly, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "there is the possibility of at least some kind of relief."[4] Johnson, 418 F.3d at 1155, 1156 (10th Cir. 2004) (quotation marks omitted). Likewise, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. As the Court has noted *supra*, the plain language of § 1997e(a) forbids any inquiry except into whether administrative remedies are "available."

Thus, in order to demonstrate that administrative remedies were "unavailable" Plaintiff must point to specific facts showing that prison staff inhibited him from utilizing the grievance process. See Boyd v. Corr. Corp. of Am., 380 F.3d 989, 998 (6th Cir. 2004) ("nonspecific allegations of fear" and "subjective feeling[s] of futility" no excuse for failure

---

[4]Whether that possibility may be slight is irrelevant. The Eleventh Circuit has explained that, even if the likelihood of obtaining administrative relief is akin to that of being struck by lightning, an inmate must still exhaust administrative remedies. See Alexander, 159 F.3d at 1325 (quoting Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994) ("No doubt denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Light[]ning may strike; and even if it doesn't, in denying relief the [administrative authority] may give a statement of its reasons that is helpful to the district court in considering the merits.")).

9

to exhaust administrative remedies). Plaintiff cannot show that administrative remedies were unavailable simply by making a blanket allegation without any supporting evidence. Here, as noted above, Plaintiff has failed to file any response beyond his complaint. Thus, Plaintiff has failed to provide any supporting evidence for his claims, much less provide specific facts showing that prison staff inhibited him from utilizing the grievance procedure. Thus, the Court concludes that administrative remedies were available to Plaintiff, and therefore, he has failed to comply with the exhaustion requirements of § 1997e(a).

### C. Dismissal Should Be Without Prejudice.

As Plaintiff has failed to supply any evidence to support his assertion that administrative remedies were unavailable, Defendant is entitled to summary judgment. Nevertheless, the Court declines to recommend that the instant case be dismissed with prejudice. Cf. Johnson, 418 F.3d at 1157 (quoting Marsh v. Jones, 53 F.3d 707, 710 (5th Cir. 1995)) ("[w]ithout the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one"). It is the practice of the presiding District Judge to dismiss cases such as this one without prejudice, in order that the prisoner-plaintiff may attempt to properly exhaust administrative remedies. Thus, although it is at least arguable that a district court has authority to dismiss a prisoner's claims with prejudice for failure to exhaust administrative remedies, the Court determines that it would not be appropriate to do so at this time.

### IV. CONCLUSION

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED**, that Plaintiff's case be

**DISMISSED** without prejudice for failure to exhaust administrative remedies, that an appropriate **FINAL JUDGMENT** be entered in favor of Defendant, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of June, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE